**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**PATRICIA A. ARCHER-VAIL,**
**as the administratrix of the**
**estate of John F. Vail,**
**deceased, and individually,**

|  |  |
|---|---|
| Plaintiff, | **1:17-cv-1113**<br>**(GLS/CFH)** |

v.

**LHV PRECAST INC. et al.,**

Defendants.
_____

| **APPEARANCES:** | **OF COUNSEL:** |
|---|---|
| **FOR THE PLAINTIFF:**<br>Marc J. Bern & Partners LLP<br>60 East 42nd Street, Suite 950<br>New York, NY 10165 | ELLIOT M. SCHAKTMAN, ESQ. |
| **FOR THE DEFENDANTS:**<br>*LHV Precast Inc.*<br>Goldberg, Segalla Law Firm - Albany Office<br>8 Southwoods Boulevard<br>Suite 300<br>Albany, NY 12211 | WILLIAM J. GREAGAN, ESQ.<br>JAMES F. FAUCHER, II, ESQ. |
| *Wieser Concrete Products, Inc. and Wieser Concrete Roxana, LLC*<br>Salmon Ricchezza Singer & Turchi, LLP - NJ Office<br>Tower Commons, Suite 406<br>123 Egg Harber Road<br>Sewell, NJ 08080 | JEFFREY A. SEGAL, ESQ. |

*Spillman Company*  MICHAEL E. CATANIA, ESQ.
Catania, Mahon, Milligram & Rider, PLLC
One Corwin Court
Newburgh, NY 12550

**Gary L. Sharpe**
**Senior District Judge**

## SUMMARY ORDER

In or around August 2017, plaintiff Patricia A. Archer-Vail, as the administratrix of the estate of John F. Vail, deceased, and individually, commenced an action in New York Supreme Court in Ulster County against LHV Precast Inc. (LHV), Wieser Concrete Products, Inc. (Wieser Products), Wieser Concrete Roxana, LLC (Wieser Roxana), and Spillman Company.[1] (Dkt. No. 2 at 3.) On October 5, 2017, Wieser Products and Wieser Roxana filed a notice of removal in this court.[2] (Dkt. No. 1.) Subsequently, LHV filed a motion to dismiss, (Dkt. No. 8), and Wieser Products and Wieser Roxana filed one as well, (Dkt. No. 9).

Removal here is improper.  28 U.S.C. § 1441(b)(2) states that "[a]

---

[1] "ABC Corporation 1-10 (being a fictitious name as the identity of the corporation(s) and/or company(ies) is/are presently unknown)" is also named as a defendant(s). (Dkt. No. 2 at 3.)

[2] LHV consented to the removal, (Dkt. No. 1, Attach. 3 ¶ 3), and Spillman Company has not indicated that it does not consent.

2

civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of [Title 28] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." Here, defendant LHV is a citizen of New York, (Dkt. No. 1 ¶ 13(e); 28 U.S.C. § 1332(c)(1)), and was served, (Dkt. No. 1 ¶ 9). Because LHV is a citizen of the State in which this action is brought—*i.e.*, New York—and the instant action is removable solely on the basis of diversity jurisdiction, (Dkt. No. 1 ¶¶ 12-14), removal is improper. *See Confer v. Bristol-Myers Squibb Co.*, 61 F. Supp. 3d 305, 305-06 (S.D.N.Y. 2014) (applying 28 U.S.C. § 1441(b)(2) and positing rationale of statute); *Kucher v. Exceeding Expectations, Inc.*, No. 1:12–CV–00169, 2012 WL 3308892, at *2 (N.D.N.Y. Aug. 13, 2012).

28 U.S.C. § 1441(b)(2) is a rule of procedure, not a jurisdictional requirement. *See Shapiro v. Logistec USA, Inc.*, 412 F.3d 307, 313 (2d Cir. 2005). Nonetheless, a district court may *sua sponte* order remand for a procedural defect within thirty days of the filing of a notice of removal. *See Mitskovski v. Buffalo & Fort Erie Pub. Bridge Auth.*, 435 F.3d 127, 131 (2d Cir. 2006); *New York v. Stoddard*, No. 1:06-CV-1320, 2006 WL 3423863, at *1 n.3 (N.D.N.Y. Nov. 28, 2006).

"In light of the congressional intent to restrict federal court jurisdiction, as well as the importance of preserving the independence of state governments, federal courts construe the removal statute narrowly, resolving any doubts against removability." *Confer*, 61 F. Supp. 3d at 306 (internal quotation marks and citation omitted). This case runs afoul of 28 U.S.C. § 1441(b)(2) and is thus remanded. *See BCAT REO LLC v. Gordon*, No. 15–CV–5093, 2015 WL 5664421, at *1 (E.D.N.Y. Sept. 24, 2015).

Accordingly, it is hereby

**ORDERED** that this matter be **REMANDED** to New York Supreme Court in Ulster County; and it is further

**ORDERED** that LHV's motion to dismiss (Dkt. No. 8) is **DENIED AS MOOT**; and it is further

**ORDERED** that Wieser Products' and Wieser Roxana's motion to dismiss (Dkt. No. 9) is **DENIED AS MOOT**; and it is further

**ORDERED** that the Clerk provide a certified copy of this Summary Order to New York Supreme Court in Ulster County; and it is further

**ORDERED** that the Clerk provide copies of this Summary Order to the parties.

**IT IS SO ORDERED.**

October 30, 2017
Albany, New York

Gary L. Sharpe
U.S. District Judge